## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

SIRISONE NGUYEN, an individual,    )
           )
          Plaintiff,    )
           )
vs.           )    Case No. CIV-06-499-M
           )
PEERLESS INSURANCE COMPANY,    )
a foreign insurance company,    )
           )
          Defendant.    )

## ORDER

This case is scheduled for trial on the Court's March, 2007 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed December 27, 2006. On January 16, 2007, plaintiff filed her response. On January 29, 2007, defendant filed its reply, and on February 5, 2007, plaintiff filed her surreply. Based upon the parties' submissions, the Court makes its determination.

I.    INTRODUCTION

Plaintiff owns a shopping center on 10th Street in Oklahoma City, Oklahoma, which was insured with defendant Peerless Insurance Company. On or about October 18, 2005, plaintiff reported to defendant a claim for theft and vandalism to the air conditioning units on top of the shopping center. On November 11, 2005, defendant denied plaintiff's claim.

On May 5, 2006, plaintiff filed the instant action alleging that defendant committed bad faith in handling her insurance claim.[1] Defendant now moves for summary judgment as to plaintiff's bad faith claim and punitive damages claim.

---

[1]Subsequent to this action being filed, defendant paid plaintiff's insurance claim.

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    DISCUSSION

A.      Bad Faith Claim

Plaintiff alleges that defendant inadequately investigated her claim and intentionally denied it although defendant knew the claim was payable.  The Oklahoma Supreme Court first recognized the tort of bad faith by an insurer in the case of *Christian v. Am. Home Assurance Co.*, 577 P.2d 899 (Okla. 1978).  In so doing, the court held that "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for

which consequential and, in a proper case, punitive, damages may be sought." *Id.* at 904.  The court further recognized:

> there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions.  Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit.  Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

*Id.* at 905.

In order to establish a bad faith claim, an insured "must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim." *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993).  In order to determine whether the insurer acted in good faith, the insurer's actions must be evaluated in light of the facts the insurer knew or should have known at the time the insured requested the insurer to perform its contractual obligation.  *Id.* at 1437.  The essence of the tort of bad faith is

> unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences might be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

*McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981).

However, the mere allegation that an insurer breached its duty of good faith and fair dealing does not automatically entitle the issue to be submitted to a jury for determination.  *Oulds*, 6 F.3d at 1436.  The Tenth Circuit has held:

> [a] jury question arises only where the relevant facts are in dispute or where the undisputed facts permit differing inferences as to the reasonableness and good faith of the insurer's conduct. On a motion for summary judgment, the trial court must first determine, under the facts of the particular case and as a matter of law, whether insurer's conduct may be reasonably perceived as tortious. Until the facts, when construed most favorably against the insurer, have established what might reasonably be perceived as tortious conduct on the part of the insurer, the legal gate to submission of the issue to the jury remains closed.

*Id.* at 1436-37 (internal citations omitted).

"A claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient." *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611-12 (10th Cir. 1994). "To determine the validity of the claim, the insurer must conduct an investigation reasonably appropriate under the circumstances. If the insurer fails to conduct an adequate investigation of a claim, its belief that the claim is insufficient may not be reasonable." *Id.* at 612 (internal quotations and citation omitted). Thus, "[t]he investigation of a claim may in some circumstances permit one to reasonably conclude that the insurer has acted in bad faith." *Oulds*, 6 F.3d at 1442.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether defendant acted in bad faith and violated its duty to deal fairly and act in good faith with plaintiff. Specifically, the Court finds that plaintiff has submitted evidence that defendant did not have a reasonable good faith belief for withholding payment of plaintiff's claim and has submitted evidence that defendant's investigation was not "reasonably appropriate under the circumstances" and, thus, was inadequate.

4

Accordingly, the Court finds that defendant is not entitled to summary judgment as to plaintiff's bad faith claim.

      B.      <u>Punitive Damages Claim</u>

Defendant asserts that plaintiff has absolutely no evidence that defendant acted in reckless disregard toward plaintiff from which malice and evil intent may be inferred and that plaintiff, therefore, is not entitled to punitive damages.

Pursuant to Okla. Stat. tit. 23, § 9.1, a jury can award punitive damages against an insurer who has recklessly disregarded or has intentionally and with malice breached its duty to deal fairly and act in good faith with its insured. Having carefully reviewed the parties' submissions, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether defendant recklessly disregarded or intentionally and with malice breached its duty to deal fairly and act in good faith with plaintiff. Accordingly, the Court finds that defendant is not entitled to summary judgment as to plaintiff's claim for punitive damages.

IV.      <u>CONCLUSION</u>

For the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 23].

**IT IS SO ORDERED this 20th day of February, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE